[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT AS TO LIABILITY
This is an action against the defendant for failure to defend and indemnify the plaintiff, under a liability policy, in a suit against the policyholder, here plaintiff, brought by a purchaser of the plaintiff's former property.
The action against the plaintiff, Rockville Docket No. CV 93- 0052766S, sought damages by virtue of the house allegedly being infested by termites. That complaint alleged that "the widespread degree to which the insect infestation had progressed was such as to indicate that it had existed for several years prior to the date that the Defendant Zande C. Thompkins conveyed the property to the Plaintiffs." That complaint further alleged that the defendant. (the herein plaintiff) intentionally failed and neglected to disclose the same to the plaintiff (first count, ¶ 4) and that the loss suffered by the plaintiff was "as a result of said knowing and intentional nondisclosure" (first count, ¶ 5). On that basis it appears that there would be no coverage, as the word "occurrence" means an "accident" under the definition of the policy. Intentional non-disclosure could not be considered accidental.
The plaintiff claims, however, that these allegations were prefaced with the words "know or had sufficient reason to know of CT Page 7953 the infestation of wood devouring insects." Hence he claims that despite the categorizing of the conduct as "knowingly, intentionally", "knowing and intentional nondisclosure" the phrase "had sufficient reason to know" would allow for the interpretation that the claims against him would be capable of sounding in negligence.
It is a question of fact as to whether a rational interpretation of the allegations of the first count of the complaint would allow for a possible or conceivable conclusion that the allegation was claiming negligence in the sense of an accidental failure to disclose. This question, as a threshold question of fact, cannot be determined through a motion for summary judgment (Practice Book § 17-49).
The plaintiff's motion for summary judgment is denied.
L. Paul Sullivan, J.